IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED
AUG 10 1990
Jesse E. Clark, Clerk

LINDA ALCORN ARCENEAUX,
JOEL MURPHY, GEORGE BATISTE,
LEROY HOSKINS, JUNE P. ROSS,
TARRIS WOODS, A. W. MC DONALD,
JAMES THOMAS, AND CARL KELLY,

    Plaintiffs,

V.

CITY OF GALVESTON, TEXAS,
BARBARA CREWS, MAYOR OF THE
CITY OF GALVESTON, FLETCHER
HARRIS, BILL CLAYTON, MEL ROURKE,
MIMO MILOSEVICH, LOUIS PAULS AND
ROBERT LYNCH, IN THEIR
OFFICIAL CAPACITY AS CITY COUNCIL
MEMBERS FOR THE CITY OF GALVESTON,
TEXAS,

    Defendants.

CIVIL ACTION NO.
G-90-221

## PLAINTIFFS' ORIGINAL COMPLAINT

This suit is filed consistent with 42 U.S.C., Sections 1971, 1973, 1983 and 1988 to redress violations under the color of law, Section 2(a) of the Voting Rights



Act of 1965 (42 U.S.C., Section 1973). This suit is also consistent with the rights, privileges and immunities secured by said laws and by the Fourteenth and Fifteenth Amendments to the Constitution of the United States.

## JURISDICTION

1. Jurisdiction vests with this Honorable Court by virtue of 28 U.S.C., Sections 1343(3) and (4). In addition, jurisdiction vests under actions based upon 42 U.S.C., sections 1971, 1973, 1983 and 1988. And finally, an action for declaratory relief under 28 U.S.C., 2201 and 2202, allows for jurisdiction vesting herein.

## PARTIES

2. Plaintiff, LINDA ALCORN ARCENEAUX, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff ARCENEAUX is an African American and as such is a citizen of the United States.

3. Plaintiff, JOEL MURPHY, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material

to this action. Plaintiff MURPHY is an African American and as such is a citizen of the United States.

4. Plaintiff, GEORGE BATISTE, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff BATISTE is an African American and as such is a citizen of the United States.

5. Plaintiff, LEROY HOSKINS, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff HOSKINS is an African American and as such is a citizen of the United States.

6. Plaintiff, JUNE P. ROSS, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff ROSS is an African American and as such is a citizen of the United States.

7. Plaintiff, A. W. MC DONALD, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff MC DONALD is an African American

and as such is a citizen of the United States.

8. Plaintiff, JAMES THOMAS, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff THOMAS is an African American and as such is a citizen of the United States.

9. Plaintiff, CARL KELLY, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff KELLY is an African American and as such is a citizen of the United States.

10. Plaintiff, TARRIS WOODS, is a resident and taxpayer of Galveston County, the City of Galveston, Texas and has been a resident and taxpayer at all times material to this action. Plaintiff WOODS is an African American and as such is a citizen of the United States.

11. Plaintiffs herein bring this action as a class on behalf of themselves and on behalf of all other persons similarly situated, all Black and/or African American residents of the City of Galveston, Texas, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12. The class is so numerous that joinder of all members is impracticable and inconsistent with prompt and efficient use of the judicial processes. In addition, there exists questions of law and/or facts common to the class as a whole.

13. The defendant CITY OF GALVESTON, TEXAS is a City created, organized and exists under the laws of the State of Texas. Each defendant listed is sued and named in their official capacity as Mayor and members of the City Council of said City. All such defendants are residents of said City.

## STATEMENT OF CLAIM

14. Currently in the City of Galveston, the method of electing representatives for the Council and for the Mayor is based upon the at-large method. This method of election results in the denial or abridgement of the right to vote of the Plaintiffs, on account of their race, color, or ethnicity, by having the effect of cancelling out or minimizing the voting strength of plaintiffs.

15. The particular affect of the political and electoral process is that it fails to afford equal

opportunity to participate in the political process and elect representatives of their choice, and as such the system has been maintained and, supported with a discriminatory purpose thus violating the civil rights of plaintiffs by diluting their votes and minimizing the plaintiffs electoral influence (42 U.S.C. Sections 1971(a) and 1973).

16. Plaintiffs seek a declaratory judgment that the existing at-large scheme of electing the Mayor and the City Council Members, of the City of Galveston, Texas, violates Plaintiffs' civil rights in that such election method unlawfully cancels out and/or minimizes their voting strength as Black voters. Plaintiffs seek a permanent injunction prohibiting the calling, holding, supervising, or certifying of any future city council elections under the present system of at large elections. Plaintiffs seek the formation of an election scheme that includes single member electoral districts to ensure a city government whose electoral process does not cancel out, minimize or dilute the voting strength of Blacks as a distinct class that is inconsistent with the Voting Rights Act.

17. With respect to Plaintiffs claims and/or complaints- they are typical of the claims of the class. In addition, the Plaintiffs will fairly and adequately protect the interests of the class.

18. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole.

19. Plaintiffs request the Court to determine under Rule 23 (b)(2), Federal Rules of Civil Procedure, that this is an appropriate matter and/or class in which to maintain a class and as such enter an order that this action be maintained as such.

### RELIEF REQUESTED

20. Consistent with the unconstitutional and continuing violation of the statutory and constitutional rights, Plaintiffs request-

    A) the Court cite the Defendants to appear and answer herein;

    B) maintain this action as a class action;

    C) issue a declaratory judgment finding

that the existing method of electing the Mayor and Members of the City Council, of the City of Galveston is unconstitutional and/or unlawful, null and void;

D) permanently enjoin Defendants from calling, holding, supervising or certifying any further city elections under the present at-large scheme;

E) order the formation of an election scheme that includes single member districts for the mayoral and city council positions of sufficient membership so as not to dilute, cancel out, or minimize the voting strength of Black voters;

F) adjudge all costs against Defendants, including reasonable attorneys' fees;

G) retain jurisdiction to render any and all future orders that this Court may from time to time deem appropriate; and

H) grant any and all future relief both at law and in equity to which this Plaintiffs and

the class they represent may show themselves to be entitled.

        Respectfully submitted,

ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE
ADMISSIONS NO. 4736
STATE BAR NO. 08455300

ANTHONY P. GRIFFIN, INC.
1115 MOODY
GALVESTON, TEXAS  77550
409/763-0386

WAYNE W. JOHNSON, III
ATTORNEY AT LAW
STATE BAR NO. 10803600

P. O. BOX 452
LA MARQUE, TEXAS 77568
409/935-5758

OF COUNSEL

*with permission*

ROBERT HOSKINS
ATTORNEY AT LAW
ADMISSIONS NO.2425
STATE BAR NO. 10029500

1023 MOODY
GALVESTON, TEXAS  77550
409/762-4898

OF COUNSEL

*[signature: Robert Penrice]*

ROBERT PENRICE
ATTORNEY AT LAW
ADMISSIONS NO. 11556
STATE BAR NO. 15765900

2000 LOOP 197 NORTH
TEXAS CITY, TEXAS 77590
409/945-0220

OF COUNSEL

*[signature: Helen Stewart Truscott, with permission]*

HELEN STEWART TRUSCOTT
ATTORNEY AT LAW
STATE BAR NO. 20258275

2000 LOOP 197 NORTH
TEXAS CITY, TEXAS 77590
409/948-9224

OF COUNSEL

*[signature: Gerald Burks]*

GERALD BURKS
ATTORNEY AT LAW
STATE BAR NO. 03418500

710 - 19th STREET
GALVESTON, TEXAS 77550
409/762-6041

OF COUNSEL

*Richard P. Bell*

RICHARD P. BELL
ATTORNEY AT LAW
ADMISSIONS NO. 4924
STATE BAR NO. 02085600

1023 MOODY
GALVESTON, TEXAS 77550
409/762-4898

OF COUNSEL

*Alton V. Williams*

ALTON WILLIAMS
ATTORNEY AT LAW
STATE BAR NO. 21510830

714 BAYOU ROAD, SUITE B
LA MARQUE, TEXAS 77568
409/935-2075

OF COUNSEL

*Thomas Dent* with permission

THOMAS DENT
ATTORNEY AT LAW
STATE BAR NO. 05761000

1128 AVENUE M 1/2
GALVESTON, TEXAS 77550
409/762-6777

OF COUNSEL