UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
FEB 16 1993
MICHAEL N. MILBY, CLERK
By Deputy:
56

IN

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA ALCORN ARCENEAUX, ET AL. | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. G-90-221 |
| CITY OF GALVESTON, TEXAS, ET AL. | § | |
| Defendant. | § | |

## CONSENT JUDGMENT AND ELECTION ORDER

This Voting Rights case was filed on August 10, 1990, alleging that the method of electing representatives for the Council of the City of Galveston results in the denial or abridgement of the right to vote of Plaintiffs, on account of their race or color, and had the effect of canceling out or minimizing the voting strength of Plaintiffs. Plaintiffs' complaint alleged violations of Section 2 of the Voting Rights Act, and the Fourteenth and Fifteenth Amendments to the United States Constitution.

The Court has jurisdiction over this action pursuant to 42 U.S.C. § § 1331, 1343, 1973j (f). This Consent Judgment and Election Order is being effectuated pursuant to a settlement agreement of the parties to this action. Plaintiffs in this cause of action are African American residents and registered voters of the City and County of Galveston, Texas. Defendants are officers and agents of the City of Galveston, Texas.

The City of Galveston as a home rule municipality operates under a municipal charter which has been adopted by Article XI, Section V of the Texas State Constitution. The City of Galveston election procedures are governed by Article III, Section II of the Galveston Charter. Any alteration in the election procedure would require an amendment of Article III, Section II of the Charter. The Galveston City Charter, however, was last amended on November 5, 1991, and under Texas law, the earliest the City can amend its Charter is November 1993. Thus, in order for Galveston to hold its May 1993 elections in a timely manner, this Court needs to order an interim plan.

Consistent with all the foregoing, and the Court being fully apprised, it is therefore

ORDERED, ADJUDGED and DECREED as follows:

Creation and Naming of the Districts

1. That there is created in the City of Galveston, six single member districts from which city councilmembers shall be elected.

2. That the six districts shall be designated as districts 1, 2, 3, 4, 5 and 6.

3. The parties to this Consent Judgment have agreed that the districting plan shall have the composition defined by the metes and bounds description attached under exhibit "A" (and incorporated in this Order for all purposes), the Redistricting Application and Plan Population Analysis (attached under exhibit "B" and incorporated in this Order for all purposes) and the block data

analysis (attached under exhibit "C" and incorporated in this Order for all purposes).

4. It is ORDERED that there shall be an election of City Councilmembers on May 1, 1993 for districts 1, 2, 4, and 6.

5. It is ORDERED that the City of Galveston shall call the election according to the law of the State of Texas and the City Charter for the City of Galveston, Texas, except if such provisions conflict with the purpose and mandates of this Order to have elections on the date set, then this Order shall govern and control.

6. Persons elected to these positions will take office as provided by state law and the Charter for the City of Galveston.

7. All persons running in the districts set out shall be residents of the districts as defined above. Residency requirements are not waived and all persons who run in any particular district shall have been a resident of each such district for at least one (1) year prior to the date of the signing of this Order.

8. Districts 3 and 5 shall be subject to the election scheme and requirements of the City Charter and shall be subject to election at the time the persons occupying those positions terms expire.

Notifying the Public

9. The City shall provide notification in compliance with the Texas Election Code.

10. It is ORDERED that the City shall provide notice in addition to that required by the Texas Election Code which at a

3

minimum will include the following: a statement that single member districts have been created and that on May 1, 1993 an election will be held to elect councilmembers from districts 1, 2, 4 and 6; the filing deadlines and candidate qualifications; and, a map of the district boundaries with a statement that a more detailed map and a copy of the district boundaries are available in the City Secretary's Office.

11. It is ORDERED that the City shall publish the additional notice as soon as practical at least twice in the Galveston Daily News and at least once in the Galveston County Observer.

Section 5 Preclearance

12. This interim districting plan is an independent, court-ordered plan which will not be required to be precleared with the United States Department of Justice under Section 5 of the Voting Rights Act.

Interim Plan

13. To assure that elections take place on May 1, 1993, the Court will enter this Order and accept the election scheme and districts as the Court's interim plan.

14. This Court's interim order should in no way be interpreted as an attempt to avoid preclearance by the Justice Department of the election scheme adopted and implemented by the City. The interim order is to assure that the citizens of the City of Galveston, Texas can resume the process of electing representatives of their choice and to resolve the issues affecting all parties to this litigation.

### Future Modifications and Enforcement

15. This cause of action shall be administratively closed upon entry of this Order, except for the issue of attorneys' fees and costs which shall be resolved subject to further proceedings.

16. This Court shall retain jurisdiction of this action to supervise performance of the terms of this Order.

DONE in Galveston, Texas, this the ____16th____ day of ____February____, 1993.

_____
UNITED STATES DISTRICT JUDGE

/mb